UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. ORSO,

    Plaintiff,

v.                                            Case No: 8:21-mc-63-WFJ-JSS

JOANNIE LOPEZ,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Writ of Garnishment ("Motion"). (Dkt. 14.) For the reasons set forth below, the Motion is granted.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered final judgment in favor of Plaintiff and against the Defendant in the amount of $16,075.04. (Dkt. 1-1.) Plaintiff registered the final judgment with this Court on April 28, 2021. (Dkt. 1.) As such, the judgment has the same force and effect as if it were entered by this Court. *See* 28 U.S.C. § 1963.

Plaintiff states that Defendant has not satisfied any portion of the judgment. (Dkt. 14 at 2.) However, Plaintiff believes that Penfed Credit Union has in its possession and control money or property belonging to the Defendant sufficient to

satisfy the judgment in whole or in part. Accordingly, Plaintiff moves for the issuance of a writ of garnishment as to Penfed Credit Union, as Garnishee. (Dkt. 14.)

## APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure must accord with the procedure of the state where the court is located. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within twenty days after service of the writ. Fla. Stat. § 77.04. Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-ORL-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to a writ of garnishment. Fla. Stat. § 77.01. Plaintiff's Motion states the amount of the judgment and Plaintiff attached a proposed writ as an exhibit to the Motion. (Dkt. 14-

1.) The proposed writ states the amount in the Motion and directs Penfed Credit Union to respond within twenty days.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Writ of Garnishment (Dkt. 14) is **GRANTED**.

2. The Clerk of Court shall issue a writ of garnishment to Penfed Credit Union, 1010 N. Church Ave, Mulberry, Florida 33860. The Clerk of Court shall use the proposed Writ of Garnishment attached to Plaintiff's Motion. (Dkt. 14-1.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 14) and the registered judgment (Dkt. 1).

3. The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

4. Plaintiff is directed to comply with Section 77.041(2) of the Florida Statutes.

**DONE** and **ORDERED** in Tampa, Florida, on February 11, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record